IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                             *
AARON FINE ARTS, ET AL.,
                             *
     Plaintiffs
                             *     CIVIL NO.: WDQ-06-3447
v.
                             *
MARTHA O'BRIEN, ET AL.,
                             *
     Defendants.
                             *
```

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION

Aaron Fine Arts, an art business engaged in marketing, licensing and promoting works of art ("AFA"); Renaissance Fine Arts, an art business ("Renaissance"); Douglas Hofmann, an artist; and Courtney Jenkins, a model and dancer, sued Martha O'Brien individually and as a representative of the Estate of John O'Brien, an artist (together, "O'Brien"), for breach of contract, violation of the Lanham Act, trover and conversion, invasion of privacy, and copyright infringement involving O'Brien's artwork and the relationship between AFA, Renaissance, and O'Brien.

Pending is O'Brien's motion to dismiss, stay, or transfer the case.  For the reasons discussed below, the motion will be granted in part and denied in part.

1

I.   Background

On October 3, 2006, O'Brien filed suit in the United States District Court for the Central District of California against a number of defendants alleging unauthorized uses of John O'Brien's artwork.  On November 15, 2006, O'Brien filed an amended complaint that included Aaron Young, the President of AFA, and Renaissance (the "California Suit").  The California Suit arose out of Martha O'Brien's efforts to discover the uses of her husband's artwork following his death.  Mem. Supp. Mot. at 2.  On December 6, 2006, Aaron Young and Renaissance filed a motion to dismiss for lack of personal jurisdiction; that motion is still pending.

On December 27, 2006, AFA and Renaissance, whose president is Young's wife, Joan Young, joined with the two additional plaintiffs in this case and sued O'Brien (the "Maryland Suit"). The Maryland Suit arose out of (1) the agreements between John O'Brien, AFA, and Renaissance for the marketing and sale of O'Brien's artwork, Compl. ¶¶ 11, 18-19; and (2) the alleged misuse of one item of Hofmann's work portraying Jenkins and allegedly obtained by John O'Brien at AFA offices, Compl. ¶¶ 27, 31-33.

II.  Analysis

O'Brien has moved to dismiss, for a stay, or to transfer the case to California, arguing that the causes of action alleged by

the plaintiffs amount to compulsory counterclaims to the
California Suit.  The Plaintiffs argue that the claims do not
equate to compulsory counterclaims in the California Suit.
Specifically, O'Brien argues that as compulsory counterclaims the
claims in the Maryland Suit should have been filed as such in the
California Suit.  Since they were not, O'Brien argues that this
case should be: (1) dismissed because the plaintiffs are barred
from bringing the omitted compulsory counterclaims in another
subsequent action; (2) transferred so that the claims may be
consolidated with the California Suit; or (3) stayed pending the
resolution of the California Suit.

Although the parties focus their arguments on compulsory
counterclaim law, the motion explicitly seeks transfer as well as
a stay or dismissal.  Indeed, transfer is usually preferred to
dismissal.  *Davis Media Group, Inc. v. Best Western Int'l. Inc.*,
302 F.Supp.2d 464, 470 (D. Md. 2004) (citing 15 C. Wright, A.
Miller, & E. Cooper, *Federal Practice and Procedure*, § 3827, p.
274 (2nd ed. 1986).

The statute governing transfer, 28 U.S.C. § 1404(a), states
that "[f]or the convenience of parties and witnesses, in the
interest of justice, a district court may transfer any civil
action to any other district or division where it might have been
brought."  Congress intended the statute "to enlarge the common
law power of the court under the well-established doctrine of

*forum non conveniens* and was enacted to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Lynch v. Vanderhoef Builders*, 237 F.Supp.2d 615, 617 (D. Md. 2002)(citations omitted).   The decision to transfer is within the sound discretion of the district court.   *Id.*

Under 28 U.S.C. § 1391(b) venue would not be proper in the Central District of California, where the California Suit is pending, because O'Brien resides in Petaluma, California, which is not located in the Central District.   Accordingly, the Court will not transfer the case to that district.

The Court must determine whether classifying a claim as a compulsory counterclaim to an earlier filed, yet still pending, case has any effect on a later filed, still pending, case.   In *Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993), the Fourth Circuit stated that if the litigant filed a pleading in the earlier case "that omitted a [compulsory] counterclaim . . . it would be barred from pursuing that claim" in the latter case.   In *Mellon*, however, the earlier case had already concluded.   In *Q Intern. Courier Inc. v. Smoak*, 441 F.3d 214, 219 (4th Cir. 2006), the Fourth Circuit stated that "[i]f the claims asserted in the second action would have been considered compulsory counterclaims under [Federal] Rule [of Civil Procedure] 13(a) in the first action, the claims will be

4

precluded in the second action."  This statement was made in the context of an analysis of Virginia *res judicata* doctrine in which the prior case had, similarly, resulted in judgment.

The Supreme Court has stated more generally that "[a] counterclaim which is compulsory but is not brought is thereafter barred."  *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974).  Neither the Supreme Court nor the Fourth Circuit has explicitly required that the prior action must be resolved for Rule 13(a) to bar the claims in the latter case.[1]  Given that the "very purpose of making certain types of counterclaims compulsory is to prevent the relitigation of the same set of facts[,]" it would be logical to infer that simultaneous litigation of the same set of facts should be avoided as well.  *Painter v. Harvey*, 863 F.2d 329, 332 (4th Cir. 1988).  Moreover, "once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action."  6 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*, § 1418 (2007) (footnotes omitted).  As a stay or dismissal may be appropriate, the Court will assess whether the claims in the Maryland Suit should be compulsory counterclaims of the

_____

[1] In fact, resolution of the earlier case, i.e., a judgment, would suggest that *res judicata* would be the appropriate doctrine under which the claims of the second case should be attacked.

California Suit.

Federal Rule of Civil Procedure 13(a), which provides for compulsory counterclaims, states that:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a).  On December 8, 2006, Aaron Young and Renaissance filed an answer in the California Suit without including a counterclaim.  Accordingly, the pleading requirement of Rule 13(a) has been satisfied.

In determining whether a counterclaim is compulsory a court should consider whether: (1) the issues of fact and law in the claim and counterclaim are essentially the same; (2) res judicata would bar a subsequent suit on the counterclaim absent the compulsory counterclaim rule; (3) the same evidence would support or refute the claim and the counterclaim; and (4) there is a logical relationship between the claim and the counterclaim. *Q Intern.*, 441 F.3d at 219.

The court need not find that all these factors support a finding that the claim is a compulsory counterclaim. *Id*. Indeed, when "the same evidence will support or refute both the claim and counterclaim, the counterclaim will almost always be compulsory." *Painter*, 863 F.2d at 332.

The California Suit and the Maryland Suit both involve the
use or sale of O'Brien's work.  Specifically, O'Brien's claims
against AFA and Renaissance in the California Suit and the
Plaintiffs' claims in the Maryland Suit require the determination
of overlapping factual issues involving the relationship between
AFA, Renaissance, and O'Brien.  California Suit First Am. Compl.
¶¶ 47-49; Maryland Suit Compl. ¶ 11-12.  Whether AFA,
Renaissance, or both had agreements regarding O'Brien's artwork
influences both the claims of copyright infringement and breach
of contract.  Indeed, O'Brien noted several factual questions
common to the defenses of AFA and Renaissance in the California
Suit and the claims of AFA and Renaissance in the Maryland Suit.
Mem. Supp. Mot. at 12-13.  As AFA and Renaissance specifically
challenged the commonality of just three of the 13 factual
questions, they offer no argument that the other 10 issues are
not common to both suits.  Indeed, the Court believes that the
factual issues are sufficiently common to conclude that the
claims in the California Suit and the Maryland Suit "arise out of
the [same] transaction or occurrence."  Accordingly, the claims
of AFA and Renaissance are barred by Rule 13(a) and will be
dismissed.

The determination of the claims of Hofmann and Jenkins,
while related to the California Suit, cannot be considered
compulsory counterclaims of that suit because the two individuals

are not defendants in California.  Accordingly, the motion will
be denied as to Hofmann and Jenkins.  Although the Court could
stay the proceedings as to Hofmann and Jenkins, the remaining
factual questions do not so overlap with the California Suit to
warrant the granting of a stay.

III. Conclusion

    For the reasons discussed above, the motion to dismiss,
stay, or transfer this case will be granted in part and denied in
part. AFA and Renaissance will be dismissed with leave to file
their claims as counterclaims in the California Suit.  Hofmann
and Jenkins will not be dismissed.

June 25, 2007                      _____/s/_____
Date                               William D. Quarles, Jr.
                                   United States District Judge