```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                    *
DOUGLAS HOFMANN and
COURTNEY JENKINS,
                                    *
     Plaintiffs,
                                    *
          v.                            CIVIL NO.: WDQ-06-3447
                                    *
MARTHA O'BRIEN,
Individually and as                 *
Representative of the Estate
of John O'Brien
                                    *
     Defendant.
                                    *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

Courtney Jenkins and Douglas Hofmann ("the Plaintiffs") and others sued Martha O'Brien, individually and as representative of the estate of John O'Brien, for trover and conversion, invasion of privacy, and copyright infringement. Pending are O'Brien's motions for remittitur or new trial and to stay proceedings. Also pending are the Plaintiffs' motions for a permanent injunction, leave to file a surreply, and to strike. For the following reasons, O'Brien's motions for remittitur or new trial and to stay the proceedings will be denied, the Plaintiffs' motion for injunctive relief will be granted, and the Plaintiffs' motion to strike will be denied.

I.  Background

John O'Brien and Hofmann shared the same art agent, Aaron

1

Young.  Trial Tr. at 38, 87-88.  On a visit to Young's office in Baltimore, John O'Brien obtained "Mary's Class," Hofmann's 1998 photograph of his art studio arranged to resemble a dance studio.  Trial Tr. at 98-101, 168, 178.  One of the dancers in the photograph is Courtney Jenkins, who was then 13.  Trial Tr. at 46.  John O'Brien created "The Dance Studio," a painting resembling the photograph and displayed it on his gallery's website for sale.  Trial Tr. at 34-35.

On December 12, 2007, the Plaintiffs sued O'Brien.  On June 26, 2007, the Court dismissed the claims of Aaron Fine Arts and Renaissance Fine Arts.  Paper No. 17.  On April 4, 2008, the Court denied the Plaintiffs' and O'Brien's motions for summary judgment.  Paper No. 69.

On November 24, 2008, trial began.  On November 25, 2008, the jury returned a $201,550 copyright infringement verdict for Hofmann.  Paper No. 107.

On December 1, 2008, O'Brien moved for remittitur or a new trial.  Paper No. 97.  On December 2, 2008, O'Brien moved to stay the enforcement of judgment.  Paper No. 108.  On December 8, 2008, the Plaintiffs moved for permanent injunctive relief.  Paper No. 109.  On February 3, 2009, the Plaintiffs moved to strike O'Brien's supplemental response to her motion for remittitur or new trial.  Paper No. 122.

II.  Analysis

    A.   Motion for Remittitur or New Trial

    O'Brien seeks remittitur or a new trial under Federal Rule of Civil Procedure 59(a).  Because this is a federal question suit, the federal standard for remittitur and new trial applies. *Snyder v. Phelps*, 533 F.Supp. 2d 567, 585 (D. Md. 2008) (*citing Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996)).

    Awards of compensatory damages are reviewed to determine if "the verdict is against the clear weight of the evidence." *Snyder*, 533 F.Supp.2d at 574 (*citing Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 869 (4th Cir. 1999)).

    New trials "should be granted when necessary to prevent an injustice, however, they are not to be granted unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done."  *Alliance for Telecommunications Industry Solutions, Inc. v. Hall*, No. CCB-05-440, 2007 WL 3224589, at *4 (D. Md. Sept. 27, 2007) (*citing Pathways Psychosocial v. Town of Leonardtown*, 223 F.Supp.2d 699, 706 (D. Md. 2002)).

    Remittitur empowers the Court to grant O'Brien's motion for a new trial if the Plaintiffs refuse to accept a reduced monetary award.  *Id.* at 757.  Under principles of remittitur, a trial judge may reduce a jury award when the damages are grossly excessive and cannot be justified by the record.  *E.E.O.C. v.*

*Fed. Exp. Corp.*, No. 04-3129, 2006 WL 1134208, at *2 (D. Md. April 25. 2006). If the plaintiffs reject the specified reduction in the amount of damages, the Court must grant a new trial. *Id.* (*citing* 12 James Wm. Moore et al., Moore's Federal Practice § 59.13).

O'Brien contends that: (1) there was insufficient evidence for an award greater than $1,550, Paper No. 97 at 3, 6-7, and (2) compensatory damages are barred because they were not requested in the pretrial order, *Id.* at 5-7.[1]

1. Sufficiency of the Evidence

The jury awarded Hofmann $201,550. Paper No. 107. O'Brien contends that only a $1,550 damage award was justified because that was the amount claimed in the Plaintiffs' closing argument. Paper No. 97 at 3; Trial Tr. at 297.

"A jury's award of damages stands unless it is grossly excessive or shocking to the conscience." *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 180 (4th Cir. 2001) (*citing O'Rourke v. City of Providence*, 235 F.3d 713, 733 (1st Cir. 2001). "Courts defer to a jury's award of damages for intangible harms . . . because

---

[1] The Plaintiffs seek to file a surreply to respond to O'Brien's contention that they did not request compensatory damages in the pretrial order. Paper No. 120. Surreplies permit the moving party to contest matters presented for the first time in the opposing party's reply. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). Because O'Brien first raised the pretrial order argument in her Reply brief, the Plaintiffs' motion will be granted.

the harm is subjective and evaluating it depends considerably on the demeanor of the witnesses." *Snyder*, 533 F.Supp.2d at 587 n.17 (*citing Fox*, 247 F.3d at 180) (internal citations omitted).

The Plaintiffs presented evidence of Hofmann's skill, style,[2] reputation,[3], and creative process.  Trial Tr. at 39, 41-

---

[2] Hofmann testified,

> I was lucky to have a teacher that taught in the old master type way, you know, like Rembrandt . . . I thought that . . . realism was going to come back, and that people that wanted to buy paintings could see some skill and worth in craftsmanship in that type of work. . . I like the female form, so most of all of my stuff is nudes or Chandra type paintings or ballet.

Trial Tr. at 39.

[3] Hofman testified,

> [W]hen I was with Circle, I had four one-man shows in New York.  My whole life, I figured I'd only have one.  I had four before I was 40.  I showed in Chicago twice, one-man show in Chicago, San Francisco, two in San Diego.  Trump Tower had one.  I got around . . . I am in a couple of museums . . . The Joslin Museum . . . Nassau County Museum in New York, Delaware Art Museum . . . I was written up in [the] New York Post and Baltimore Magazine, Sun Paper, and I did a cover for Dance Magazine . . ..

Trial Tr. at 40.  Aaron Young testified that "Doug Hofmann was a serious name in the art business,"  Trial Tr. at 91, and that other art dealers he did business with stated that "[they] would just love to meet Doug Hofmann.  'We think he's the bee's knees.'" *Id.* at 93.  Young also testified,

> There is a precision that goes back to Dutch painting from probably the 1500s, so you're in the presence of greatness, and, with all the bad things that human beings can do, one great thing that people can do is, whether it be music or pictor[i]al art, that a human being can sit and make that thing look three-dimensional and capture the corner of the room is what Doug Hofmann

5

43, 91, 93.  The Plaintiffs also presented evidence of (1) harm to Hofmann caused by copyright infringement of his works,[4] *id.* at 108-110, 13136, 140, and the prior sale prices of Hofmann's paintings.[5]  *Id.* at 108.

Because the Plaintiffs presented evidence of (1) the cost to produce "Mary's Class,"[6] (2) the value of Hofmann's paintings, and (3) his reputation and stature in his field, there was sufficient evidence to support the jury's compensatory damage award.[7]

---

> is all about, and the truth of the matter is there is nobody else in my opinion--and I believe most critics have confirmed--that can do what [Hofmann] can do.

Trial Tr. at 97.

[4] Aaron Young testified that,

> [T]he only thing that Doug Hofmann has is his imagery. The only thing he can make a living from is his imagery. If you take a farmer's land away, he can't grow crops. If you take his images away, he can't paint paintings. So it's the very essence-the whole concept of the art business sits on the premise that a person creates something, it's theirs, and they get to sell it and market it, and that's exactly what Doug Hofmann was trying to do.

Trial Tr. at 109-110.

[5] Aaron Young testified that Hofmann's paintings have sold for "tens of thousands, maybe even $100,000."  Trial Tr. at 108.

[6] The cost of producing the photograph "Mary's Class" was about $1550.   Trial Tr. at 297.

[7] O'Brien's reliance on *Cline v. Wal-Mart Stores, Inc*. is misplaced.  In *Cline*, the Fourth Circuit reduced compensatory damages awarded under the Americans with Disabilities Act and the

2.   Pretrial Order

Section G of the Pretrial Order, titled "Damages and other Relief Sought As of the Date of the Pretrial Conference," states that the Plaintiffs requested--in addition to equitable relief--the "Defendants' 'profits.'" Paper No. 118 at 6; *see* Paper No. 63.  O'Brien contends that the Pretrial Order prohibited the Plaintiffs from recovering anything beyond the "Defendant's profits" because "[c]laims which arguably may be included in the pleadings but are eliminated from the pretrial order cannot be raised during trial."[8]  Paper No. 118 at 6.  The claim for compensatory damages was made in the Complaint.  Paper No. 1 ¶ 73.

As the Plaintiffs note, O'Brien appears to argue that the jury was improperly instructed on compensatory damages.  Paper No. 120 at 2-3.  O'Brien did not object to the Court's

---

Family and Medical Leave Act because--unlike here--the plaintiff had failed to provide sufficient evidence to support the jury's award for the plaintiff's emotional injury claim.  144 F.3d 294, 306 (4th Cir. 1998).

[8] O'Brien's cited cases do not support her assertion. *Barwick v. Celotex Corp.*, 736 F.2d 946, 954 (4th Cir. 1984) noted that a pretrial order may be relaxed for good cause, extraodinary circumstances, or in the interest of justice. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394 (4th Cir. 1999) involved a judgment for a conversion which the complaint did not allege. Here, the Complaint pled copyright infringement and requested "actual damages, an amount to be proven and/or an amount to be determined by the Court to be just and proper." Paper No. 1 ¶ 73. Finally, *United States v. Saunders*, 886 F.2d 56 (4th Cir. 1989), involved pretrial stipulations, not pretrial orders and is inapplicable.

7

Instruction No. 8 on compensatory damages for copyright infringement.[9]  Accordingly, O'Brien waived her challenge to the award of compensatory damages.  FED. R. CIV. P. 51; *Richmond, Va. v. Madison Management Group, Inc.*, 918 F.2d 438, 454 (4th Cir. 1990).

Moreover, Rule 54(c) states that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."  FED. R. CIV. Proc. 54(c).[10]  Compensatory

---

[9] Instruction No. 8 stated,

> If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages.
>
> Compensatory damages consist of the plaintiff's direct economic losses and out-of-pocket expenses resulting from the effect of the defendant's infringement of the copyright.  In other words, compensatory damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant's infringement.  The basic question for your consideration is: What is the amount of money required to right the wrong done to the plaintiff by the defendant?
>
> The plaintiff has the burden of proving damages by a preponderance of the evidence.

Trial Tr. at 336.

[10] Rule 54(c) permits relief "predicated on a particular theory only if that theory was squarely presented and litigated by the parties at some stage or other of the proceedings." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 400 (4th Cir. 1999) (*citing Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1173 (1st Cir. 1995)).

damages were litigated by the parties at trial,[11] and the jury was properly instructed.

B.   Motion for Permanent Injunction

The plaintiffs seek an injunction against O'Brien (1) for the return of all copies of Hofmann's "Mary's Class" photograph; (2) restraining her from infringing Hofmann's copyrighted work; (3) prohibiting her from using "Mary's Class;" (4) prohibiting her sale, distribution, or display of John O'Brien's "The Dance Studio," or its copies or products based on "Mary's Class," and (5) requiring forfeiture of "The Dance Studio."[12]  Paper No. 109 at 6.  O'Brien contends that injunctive relief is unnecessary because the infringing acts have ceased and "there is no real threat of any harm going forward."  Paper No. 110 at 1.

Injunctive relief does not "automatically follow a determination that a copyright has been infringed." *Christopher Phelps & Assoc., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).  To obtain permanent injunctive relief, the Plaintiffs must show: (1) an irreparable injury; (2) legal remedies, such as

---

[11] *See* Trial Tr. at 53 ("[copyright infringement] ruins [the] market [for an artist's work]"), 58 ("[the infringing work] is bad art" which "belittles" Hofmann), 64 (the digital copies of "Mary's Class" harm Hofmann's income), 135-138 (Young thinks "The Dance Studio" is a copy of Doug Hofmann's work that damages Hofmann's career).

[12] O'Brien says she is unable to locate "The Dance Studio." She has agreed to give it to Hofmann should she locate it.  Paper No. 110 at 3.

damages, are inadequate; (3) the balance of hardships between the Plaintiffs and O'Brien justifies an equitable remedy; and (4) the public interest would not be disserved by a permanent injunction. *Id.* (*citing eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Whether to grant an injunction is within the discretion of the Court. *Id.*

The first *eBay* criterion favors the Plaintiffs. Irreparable injury "often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." *Christopher Phelps & Assoc.,* 492 F.3d at 544. Here, Hofmann's loss of his exclusive right to control "Mary's Class," is an irreparable injury.

Second, monetary damages are inadequate because they do not preclude O'Brien from using "Mary's Class" or "The Dance Studio," the infringing work, in the future.

The third *eBay* criterion favors Hofmann. Because O'Brien contends that she does not have "The Dance Studio" or any copies of "The Dance Studio," an injunction against using or selling the infringing work will not cause her hardship.[13] Requiring the

---

[13] It is unclear whether O'Brien has "The Dance Studio" or any copies. In an affidavit attached to her Response, O'Brien states that she has "been unable to find the original "The Dance Studio." Paper No. 110, O'Brien Aff. ¶ 2. In her November 6, 2007 deposition, O'Brien testified that she had a negative and digital copies of a photograph of "The Dance Studio." Paper No. 111, Ex. A at 43. O'Brien has also testified that several prints were made from the digital copies of "The Dance Studio." *Id.* at 42.

10

return of "Mary's Class" and its copies--which O'Brien is not entitled to keep--will similarly cause her no harm. The balance of hardships favors Hofmann. *eBay*, 547 U.S. at 391.

Because the public interest will not be disserved by a permanent injunction, the Plaintiffs' motion for equitable relief will be granted.

    C.   Motion to Stay Proceedings to Enforce Judgment

O'Brien has moved to stay the execution of judgment, under Rule 62(b), pending disposition of her motion for remittitur or new trial. Because O'Brien's motion for remittitur or new trial will be denied, her motion to stay is moot.

    D.   Motion to Strike

The Plaintiffs move to strike Paper No. 121, O'Brien's "Response regarding the Response in Opposition to the Motion for new trial or remittitur" on the ground that it is an impermissible surreply. Paper No. 122. Because, after consideration of Paper 121, the motion for new trial or remittitur will be denied, the Plaintiffs' motion to strike is moot.

III. Conclusion

    For the above-stated reasons, O'Brien's motions for remittitur or new trial and to stay the proceedings will be denied, the Plaintiffs' motion for injunctive relief will be granted, and the Plaintiffs' motion to strike will be denied.


<u>March 6, 2009</u>                       <u>    /s/               </u>
Date                                      William D. Quarles, Jr.
                                         United States District Judge