```
           IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
DOUGLAS HOFMANN and
COURTNEY JENKINS,
                              *
     Plaintiffs,
                              *
     v.                              CIVIL NO.: WDQ-06-3447
                              *
MARTHA O'BRIEN,
Individually and as
Representative of the Estate  *
of John O'Brien,
                              *
     Defendant.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Courtney Jenkins and Douglas Hofmann ("the Plaintiffs") sued Martha O'Brien and the estate of John O'Brien for copyright infringement and related claims.  Pending are (1) O'Brien's motion to stay judgment pending appeal without supersedeas bond, and (2) the Plaintiffs' motion to register judgment in foreign jurisdictions.  For the following reasons, the motion to stay will be denied, and the motion to register will be granted.

I.   Background

John O'Brien and Hofmann shared the same art agent, Aaron Young.  Trial Tr. at 38, 87-88.  On a visit to Young's office in Baltimore, John O'Brien obtained "Mary's Class," Hofmann's 1998 photograph of his art studio arranged to resemble a dance studio. Trial Tr. At 98-101, 168, 178.  One of the dancers in the

1

photograph is Jenkins, who was then 13.  Trial Tr. at 46.  John O'Brien created "The Dance Studio," a painting resembling the photograph and displayed it on his gallery's website for sale. Trial Tr. at 34-35.

On December 12, 2007, the Plaintiffs sued O'Brien.  On November 24, 2008, trial began.  On November 25, 2008, the jury returned a $201,550.00 copyright infringement verdict for Hofmann, and the Court entered judgment.  Paper No. 107.

On March 6, 2009, the Court denied O'Brien's motion for remittitur and granted the Plaintiffs a permanent injunction against O'Brien (1) for the return of all copies of Hofmann's "Mary's Class" photograph; (2) restraining her from using "Mary's Class"; (3) prohibiting sale, distribution, or display of "The Dance Studio" or its copies or products based on "Mary's Class"; and (4) requiring forfeiture of the "The Dance Studio."  Paper No. 131.

On April 3, 2009, O'Brien appealed the November 25, 2008 judgment and the March 6, 2008 Order. Paper No. 135.  On June 1, 2009, the Plaintiffs moved to register judgment in foreign jurisdictions.  Paper No. 138.  On June 16, 2009, O'Brien moved to stay judgment pending appeal without supersedeas bond.  Paper No. 140.

II.  Analysis

     A. O'Brien's Motion to Stay

     Under Federal Rule of Civil Procedure 62(d) "[i]f an appeal
is taken, the appellant may obtain a stay by supersedeas bond . .
. ." Fed. R. Civ. P. 62(d).  The Rule entitles an appellant to a
stay of a money judgment as a matter of right upon the posting of
a supersedeas bond.[1]  *Fed. Prescription Servs., Inc. V. American
Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980).  But Rule 62(d)
"does not address, and hence does not preclude, issuance of a
stay on the basis of some lesser bond, or indeed, no bond."
*Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190
F.R.D. 190, 192 (E.D. Va. 1999).  The Rule leaves intact the
district court's inherent discretion to stay judgments pending
appeal when the appellant does not file a supersedeas bond.  *Id*.

     The grant of an unsecured stay is only appropriate in
"unusual circumstances." *See Fed. Prescription Servs.*, 636 F.2d
at 761.  "Because the stay operates for the appellant's benefit
and deprives the appellee of the immediate benefits of his
judgment, a full supersedeas bond should be the requirement in

---

[1]O'Brien's motion does not address the injunctive relief
that was awarded.  Motions to suspend or modify an injunction
pending appeal are governed by Federal Rule of Civil Procedure 62
(c), which allows suspension or modification in the Court's
discretion.  *See Hilton v. Braunskill*, 481 U.S. 770 (1987).
Because O'Brien has not requested relief from the injunction,
Rule 62(c) is not addressed here.

normal circumstances . . . ."  *Id*. at 760-61.

The Fourth Circuit has not adopted a standard to guide the district courts' exercise of discretion in granting unsecured stays. *Southeast Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 458 (D.S.C. 2006).  However, several district courts within this circuit have followed the Fifth Circuit guidance of *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).  *See, e.g.*, *Kirby v. General Elec. Co.*, 210 F.R.D. 192, 195 (W.D.N.C. 2001); *Alexander* 190 F.R.D. at 193.  That circuit advises its district courts to act to "preserve the status quo while protecting the non-appealing party's rights pending appeal."  *Poplar Grove*, 600 F.2d at 1190-91.

Normally, this principle is "best served by requiring a full supersedeas bond as a condition to the issuance of a stay." *Alexander*, 190 F.R.D. at 193.  But a bond may not be necessary when either: "(1) the judgment debtor can easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, [or] (2) when the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden."  *Id*. (citing *Poplar Grove*, 600 F.2d at 1191); *see also Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) (recognizing the two exceptions).  The burden is on the movant to "objectively

demonstrate" that an exception applies.  *See Poplar Grove*, 600 F.2d at 1191.

Here, O'Brien contends that bond is not necessary because she has assets sufficient to meet the $201,550.00 judgment against her.  Def.'s Mot. to Stay at 2.

O'Brien has not offered evidence of her financial condition, but relies on two exhibits to the Plaintiffs' motion to register, and argues that they demonstrate assets that render a supersedeas bond unnecessary.  Def.'s Mot. to Stay at 2.  The first exhibit, an asset search report, shows that as of May 18, 2009, O'Brien "possibl[y]" owns property in Petaluma, California, with an assessed value of $473,910.  Pl.'s Mot. to Register J., Ex. D. The second exhibit is a judgment for O'Brien by the United States District Court for the Central District of California for $262,618.80.  Pl.'s Mot. to Register J., Ex. D.

Apart from these exhibits, O'Brien has offered no indication of her ability or willingness to pay the judgment against her. The Plaintiffs rightly note that it is unclear whether O'Brien owns the property in the asset search report or whether it could be used to satisfy the judgment.  Pl.'s Opp. to Def.'s Mot. to Stay at 4.  O'Brien's ability to enforce the California judgment is also unclear.  *Id*. at 4-5.  Thus, O'Brien has not demonstrated that the Court should waive the bond requirement.

Unsecured stays have been granted only when the defendant's

5

willingness and ability to pay the judgment "is so plain that the cost of the bond would be a waste of money." *See Olympia Equip. Leasing Co.*, 786 F.2d at 796.[2]   The California property assessed at $473,910 and the $262,618.80 judgment are not sufficient to obviate the bond requirement.   Further, these assets are in California, O'Brien apparently has no assets in -- or other ties to -- Maryland, *see* Pl.'s Mot. to Register J. at 2 & Ex. C., and she has shown no willingness to pay should the Fourth Circuit affirm the judgment.   There is no basis for waiving the requirement that she post a supersedeas bond to obtain a stay. Accordingly, O'Brien's motion will be denied.

   B.   The Plaintiffs' Motion to Register Judgment in Foreign
        Jurisdictions

   Under § 1963 of Title 28 of the U.S. Code, "[a] judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for

---

[2]In *Federal Prescription Services*, the D.C. Circuit found the bond requirement unnecessary where a judgment debtor's net worth was 47 times the amount of the judgment, and the debtor had close ties to the jurisdiction in which the judgment was entered such that evasion of the debt was unlikely. *See Fed. Prescription Servs.*, 636 F.2d at 761; *see also Dillon v. Chicago*, 866 F.2d 902, 905 (7th Cir. 1989)(waiving bond requirement when appellant showed that payment from a guaranteed source would be made within 30 days of a loss on appeal).

good cause shown."  28 U.S.C. § 1963 (2006).

Plaintiffs contend that because O'Brien has significant assets in California and no assets in Maryland, there is good cause to allow registration of the judgment in California.  Pl.'s Mot. to Register J. at 1-3.  O'Brien responds that good cause only exists when there is evidence that a defendant is attempting to deprive the plaintiff of the benefits of the judgment, such as by dissipating assets from which the judgment could be satisfied. Def.'s Opp. to Pl.'s Mot. to Register J. at 2.

Although "improper transfers or other activity designed to deprive plaintiff of the benefits of the judgment are sufficient to satisfy the requirement of good cause, they are not necessary." *Pereira v. Cogan*, No. 00 Civ. 619 (RWS), 2003 U.S. Dist. LEXIS 19776, at *3 (S.D.N.Y Nov. 4, 2003).  A plaintiff need only show that (1) no supersedeas bond has been filed and (2) the absence of assets where judgment was rendered and the presence of assets where registration is sought.[3]

Here, O'Brien has not posted a supersedeas bond.[4]  Further,

_____

[3] *See, e.g.*, *Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 372 (7th Cir. 1991); *Cheminova A/S v. Griffin, LLC*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002); *Owen v. Soundview Fin. Group, Inc.*, 71 F. Supp. 2d 278, 278-79 (S.D.N.Y. 1999); *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993).

[4] When a defendant has moved to stay judgment without posting a supersedeas bond, the § 1963 requirement is satisfied if the defendant has not indicated that she will file a bond.  *Compare Cheminova A/S v. Griffin, LLC*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002) (denying motion to register when debtor made "good faith

she has not denied that she has significant assets in California
and no assets in Maryland.   Accordingly, the Plaintiffs have
established good cause to register the judgment in foreign
jurisdictions.

III. Conclusion

For the reasons stated above, O'Brien's motion to stay
judgment without a supersedeas bond will be denied, and the
Plaintiffs' motion to register judgment in foreign jurisdictions
will be granted.


September 28, 2009                    _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge

---

offer" to pay judgment or post bond if ordered), *with Spray Drift
Task Force v. Burlington Bio-Med. Corp.*, 429 F. Supp. 2d 49, 50-
51 (D.D.C. 2006) (granting motion to register when defendant
offered no assurances that it would pay the judgment or post a
bond).
     Here, O'Brien has not promised to file a bond if the Court
denies her motion for an unsecured stay.   Instead, she intends to
renew her motion in the Fourth Circuit.   Def.'s Opp to Pl.'s Mot.
to Register J. at 2-3.   Accordingly, the § 1963 requirement has
been met.